**FILED**
**U.S. District Court**
**District of Kansas**
03/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAY N. GIANNUKOS,

      **Plaintiff,**

      v.                        **CASE NO. 26-3002-JWL**

TERRA MOREHEAD, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Jay N. Giannukos is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff is currently detained at the Jackson County Jail in Holton, Kansas, on state charges.  He proceeds pro se and has been granted leave to proceed in forma pauperis.

Plaintiff raises allegations about his arrest and prosecution for federal crimes, as well as the conditions of his confinement.  He states in the Complaint (Doc. 1) that the events giving rise to his claims occurred in the time period of March, 2016-2022.  *Id.* at 9.  He was arrested on January 15, 2015, after a parole search initiated by R.J. Cook based on an anonymous call and a "dirty" urine test result.  *Id.* at 10.  In February of 2015, a grand jury returned a four-count indictment, and Plaintiff was held at the C.C.A./Core Civic facility in Leavenworth, Kansas, pending trial.  *Id.*  Around May of 2015, Plaintiff was assigned to solitary confinement at Core Civic.  *Id.*  He alleges this occurred at the direction of Terra Morehead, Assistant U.S. Attorney,

1

and her prosecution team after they obtained Plaintiff's telephone calls.  *Id*.  The prosecution asserted that Plaintiff was trying to tell witnesses what to say at trial, but Plaintiff says he was merely trying to gather favorable witnesses.  *Id*.  Plaintiff alleges that Morehead also obtained phone calls between Plaintiff and his defense attorney that she used to gain an unfair advantage at trial.  *Id*.

In the Complaint, Plaintiff describes an incident involving another detainee, Jeffery Roark. *Id*. at 11.  According to Plaintiff, Roark testified at trial that he sold Plaintiff over a pound of an illegal substance while the amount Plaintiff possessed upon arrest was 10.83 grams. *Id*. at 12. Plaintiff was sentenced to 322 months based on Roark's allegedly perjured testimony.  *Id*.  Plaintiff asserts that the prosecution represented in court that Roark had fallen over a railing at Core Civic, but Plaintiff discovered after his trial that Roark had actually attempted suicide and that there were eye-witness statements and a video of the incident that the prosecution had suppressed.  *Id*. at 11-12.  Plaintiff does not explain how the incident was relevant to Plaintiff's conviction.

Plaintiff further alleges that he was infected with scabies at Core Civic and was not treated for 11 months at the direction of Morehead, until after he had been found guilty at trial.  *Id*. at 11.

Plaintiff states that the Tenth Circuit Court of Appeals reversed and remanded two of his four convictions in November of 2018.  *Id*. at 12.  After he was transported back to Core Civic for retrial, the new Assistant U.S. Attorney assigned to his case, Rask, decided not to retry him.  *Id*. Rask also turned over to the court close to 100 pages of documents relating to Roark's fall that Morehead had failed to produce and call lists showing the prosecution had obtained three attorney-client calls from Core Civic.  *Id*. at 13.  On November 12, 2020, Plaintiff's distribution conviction was vacated, and he received time-served on his counterfeiting conviction.  *Id*.  According to

Plaintiff, the counterfeiting conviction carried a 10-month sentence, and he had served seven years in prison. *Id.*

Plaintiff names the following as defendants: Terra Dawn Morehead, former Assistant U.S. Attorney; R.J. Cook, Special Enforcement Parole Officer; Detective Pansinesse, Kansas City, Kansas Police Department; the U.S. Attorney's Office; CCA/Core Civic; the Kansas City, Kansas Parole Office; and the Kansas City, Kansas Police Department. Plaintiff seeks money damages of $2,500 per day from each defendant for six years.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit." *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  Based on Plaintiff's allegations, his cause of action accrued in 2020 at the latest when one of his remaining convictions after appeal was vacated and he received time served on the other.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

State law also governs tolling issues for both § 1983 and *Bivens* actions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted). Kansas recognizes the doctrine of equitable tolling. *Matter of Bell*, 529 P.3d 153, 157 (Kan. 2023). The Kansas Supreme Court ("KSC") explained in *Bell* that "[u]nder certain circumstances, 'equitable estoppel can be applied to bar a party from relying on the defense of the statute of limitations.'" *Bell*, 539 P.3d at 157 (quoting *Rockers v. Kansas Turnpike Authority*, 991 P.2d 889 (1999). The burden is on the party claiming application of equitable estoppel. *Id*. That party must show that another party induced it to believe certain facts existed, by action or silence; it rightfully relied and acted on such belief; and it would be prejudiced if the other party were allowed to deny the existence of such facts. *Id*. The KSC also noted that equitable tolling under federal law requires a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)). The KSC then applied both tests to the question of whether equitable tolling applied to toll the statute of limitations in a state wrongful conviction action. *Id*. at 154.

Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this civil rights action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing. *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted). Extraordinary circumstances that could warrant equitable tolling include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Farhat v. United States*, No. CIV-19-401-SPS, 2020 WL 5751618, at *4 (E.D. Okla. Sept. 25, 2020) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012); *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)). Plaintiff alleges Defendant Morehead and others engaged in improper conduct and deception during his trial, but Plaintiff discovered or was made aware of that deception in 2018 or 2020. Under either date, Plaintiff filed his Complaint on January 5, 2026, well beyond the two-year limitations period. Therefore, equitable tolling does not operate to make his action timely.

Plaintiff mentions in the Complaint that he pursued a state disciplinary complaint against Defendant Morehead, receiving a letter from the disciplinary body in May of 2024 stating Morehead had been disbarred thus "exhausting his remedies." (Doc. 1, at 13.) Plaintiff appears to be arguing that he was exhausting his administrative remedies as required by the PLRA before filing suit, and the limitations period should be tolled until he completed that exhaustion. The Tenth Circuit has found in at least one case that the § 1983 statute of limitations should be tolled during the PLRA exhaustion period. *Johnson v. Garrison*, 805 F. App'x 589, 594 (10th Cir. 2020). The problem with Plaintiff's argument is that the law did not require him to administratively exhaust his claim against Morehead. The Prison Litigation Reform Act (PLRA) provides, "No

action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Under the plain language of the statute, Plaintiff's claims related to his prosecution do not involve prison conditions, making the exhaustion requirement inapplicable.[1]

The question then becomes whether a mistaken belief on a prisoner's part about the law operates to toll the statute of limitations, and the answer is no. Ignorance of the law does not constitute extraordinary circumstances warranting tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citation omitted); *see also McCoy v. Damron*, 9 F. App'x 994, 996 (10th Cir. 2001) (unpublished) (applying this rule in a § 1983 action).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his action on January 5, 2026, based on events occurring between 2015 and 2022. It thus appears that any events or acts of the defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

## IV. Response Required

This case is subject to dismissal. Plaintiff is required to show good cause why his

---

[1] Plaintiff's claim about delayed treatment for scabies relates to prison conditions, and Plaintiff alleges that he pursued grievances at Core Civic. While he may have properly exhausted the scabies claim, it was also not brought within the limitations period.

Complaint should not be dismissed as barred by the statute of limitations.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 6, 2026,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 6, 2026, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**