FILED
U.S. District Court
District of Kansas
08/21/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAY N. GIANNUKOS,**

**Plaintiff,**

**v.** **CASE NO. 26-3002-JWL**

**TERRA MOREHEAD, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is currently incarcerated at the Jackson County Jail in Holton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On March 6, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 16).

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff raises allegations about his arrest and prosecution for federal crimes, as well as the conditions of his confinement when he was confined at Core Civic in Leavenworth, Kansas.

Plaintiff names as defendants: Terra Dawn Morehead, former Assistant U.S. Attorney; R.J. Cook, Special Enforcement Parole Officer; Detective Pansinesse, Kansas City, Kansas Police Department; the U.S. Attorney's Office; CCA/Core Civic; the Kansas City, Kansas Parole Office; and the Kansas City, Kansas Police Department. Plaintiff seeks money damages of $2,500 per day from each defendant for six years.

## II. DISCUSSION

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. He states in the Complaint (Doc. 1) that the events giving rise to his claims occurred in the time period of March, 2016-2022. *Id*. at 9. He goes on to explain that he was arrested on January 15, 2015, after a parole search initiated by Defendant Cook based on an anonymous call and a "dirty" urine test result. *Id*. at 10. In February of 2015, a grand jury returned a four-count indictment, and Plaintiff was held at the C.C.A./Core Civic facility in Leavenworth, Kansas, pending trial. *Id.* Around May of 2015, Plaintiff was assigned to solitary confinement at Core Civic. *Id*. He alleges this occurred at the direction of Defendant Morehead and her prosecution team after they obtained Plaintiff's telephone calls. *Id*. The prosecution asserted that Plaintiff was trying to tell witnesses what to say at trial, but Plaintiff says he was merely trying to gather favorable witnesses. *Id*. Plaintiff alleges that Morehead also obtained phone calls between Plaintiff and his defense attorney that she used to gain an unfair advantage at trial. *Id*.

In the Complaint, Plaintiff also describes an incident involving another detainee, Jeffery Roark. *Id*. at 11. According to Plaintiff, Roark testified at trial that he sold Plaintiff over a pound of an illegal substance while the amount Plaintiff possessed upon arrest was 10.83 grams. *Id*. at 12. Plaintiff was sentenced to 322 months based on Roark's allegedly perjured testimony. *Id*. Plaintiff asserts that the prosecution represented in court that Roark had fallen over a railing at Core Civic, but Plaintiff discovered after his trial that Roark had actually attempted suicide and that there were eye-witness statements and a video of the incident that the prosecution had suppressed. *Id*. at 11-12. Plaintiff does not explain how the incident was relevant to Plaintiff's conviction.

Plaintiff further alleges that he was infected with scabies at Core Civic and was not treated for 11 months at the direction of Morehead, until after he had been found guilty at trial. *Id.* at 11. Plaintiff states that the Tenth Circuit Court of Appeals reversed and remanded two of his four convictions in November of 2018. *Id.* at 12. After he was transported back to Core Civic for retrial, the new Assistant U.S. Attorney assigned to his case, Rask, decided not to retry him. *Id.* Rask also turned over to the court close to 100 pages of documents relating to Roark's fall that Morehead had failed to produce and call lists showing the prosecution had obtained three attorney-client calls from Core Civic. *Id.* at 13. On November 12, 2020, Plaintiff's distribution conviction was vacated, and he received time-served on his counterfeiting conviction. *Id.* According to Plaintiff, the counterfeiting conviction carried a 10-month sentence, and he had served seven years in prison. *Id.*

Plaintiff filed the instant action on January 5, 2026. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1] *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit." *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, Plaintiff's claims are nevertheless untimely despite this tolling period. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32. The AO reinstated the statute of limitations effective April 15, 2021.

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Based on Plaintiff's allegations, his cause of action accrued in 2020 at the latest when one of his remaining convictions after appeal was vacated and he received time served on the other.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his action on January 5, 2026, based on events occurring between 2015 and 2022. It thus appears that any events or acts of the defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the

defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court found in the MOSC that Plaintiff had not alleged facts suggesting that he would be entitled to statutory or equitable tolling and ordered Plaintiff to show good cause why his claims are not barred by the statute of limitations.

In his response, Plaintiff argues that he "has only now learned with certainty from multiple psychologist and psychiatrist that he is suffering from P.T.S.D. due to the abnormally dangerous-violent activity he was forced to endure." (Doc. 16, at 2.) He asserts that the fact of his injury was only ascertainable in December 2025 when he was diagnosed with PTSD. *Id.* at 4-5. Plaintiff also states that the "PTSD and mental impairments only started to expose itself once Giannukos was released into society and trying to restore his life after the horrid violent experience he indured over the many years of his unlawful incarceration." *Id.* at 5. He further argues that he was under a "legal disability" and asserts that the continuing violation doctrine applies because his due process rights are being violated by the Kansas Bureau of Investigation "to this day." *Id.* at 4-5. Last, Plaintiff argues that equitable estoppel should apply.

Plaintiff's first argument is that the limitations period should be extended under K.S.A. § 60-513(b) because the fact of his injury was only ascertainable to him in December of 2025. However, K.S.A. § 60-513(b) deals with when a cause of action accrues. As explained above, federal rather than state law governs the accrual of a cause of action. *See Wallace*, 549 U.S. at 388. Because "the injury in a § 1983 case is the violation of a constitutional right . . ., such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted). Based on his allegations in the Complaint, Plaintiff knew that his constitutional rights were violated no later than 2022. Plaintiff's argument that he only recently learned the extent of his injuries ignores

Tenth Circuit precedent holding that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." *Romero v. Lander*, 461 F. App'x 661, 669 (10th Cir. 2012) (unpublished) (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)).

Plaintiff also argues that he is entitled to tolling because he was under a "legal disability." Kansas statutes set forth tolling for persons under legal disability. K.S.A. § 60-515(a) provides that:

> (a) *Effect.* Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.
>
> Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

K.S.A. § 60-515(a).

Plaintiff does not allege that he was denied court access nor does he provide factual support for his claim that the statute of limitations should be tolled based on his mental health issues. *See Eden v. Webb*, 2022 WL 621317, at *2 (D. Kan. 2022) ("The problem with Plaintiff's tolling argument is that his allegations do not demonstrate that he was legally incapacitated."). The Court in *Eden* found that the Kansas Legislature has provided that in construing Kansas statutes:

> 'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the

> capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 2002 Supp. 59–3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

*Id*. (citing K.S.A. § 77-201)[2]. The Court went on to find that:

> Plaintiff offers no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs. Plaintiff claims he suffered memory loss and a brain injury. These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury, let alone that he was incompetent for the approximately two years between his arrest and his viewing of the body camera footage. *See Farhat v. Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at *4 (W.D. Okla. Feb. 14, 2008) (finding plaintiff's allegations of short-term memory loss and brain injury were insufficient to establish incompetence such that statute of limitations should be tolled). *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

*Id*. at *3 (finding that "[b]ecause statutory tolling under K.S.A. 60-515(a) is inapplicable to Plaintiff, he does not benefit from the tolling provided by the Kansas Supreme Court").

Plaintiff has not shown that he met the statutory definition of "incapacitated person." His allegations do not show that his ability to receive and evaluate information or to communicate decisions was impaired to the degree that he could not manage his own affairs. Plaintiff bears the burden of establishing a factual basis for tolling, and he has not shown that he is entitled to statutory tolling.

Plaintiff also has not shown that the continuing violation doctrine is applicable. Plaintiff argues that the doctrine is triggered because the violation of his rights continues "to this very day" by the Kansas Bureau of Investigation ("KBI") refusing to expunge his record and forcing him to

---

[2] Parts of this statute were amended by 2025 Kansas Laws Ch. 40 (H.B. 2359). It appears that the only change to the cited language is the substitution of "section 25" for K.S.A. 59-3051 in the cited paragraph.

register as a drug offender. (Doc. 16, at 5.) "The continuing violation theory combines 'conduct from both inside and outside the limitations period into one single violation that, taken as a whole, satisfies the applicable statute of limitations.'" *Balance v. Johnson Cty., Kansas, Bd. of Comm'rs*, 2026 WL 228639, at *2 (10th Cir. 2026) (unpublished) (citing *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir. 2019)). "The doctrine applies where no single act comprises the cause of action because the claim is based upon combining the effects of the individual actions." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002)). "An important caveat to the continuing violation doctrine, however, is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Herrera v. City of Espanola*, 32 F.4th 980, 993 (10th Cir. 2022) (quoting *Hamer*, 924 F.3d at 1099).

Plaintiff does not allege that there has been a continual unlawful act or "a series of individually unactionable occurrences that make out a violation only when combined." *Herrera*, 32 F.4th at 1002. Rather, he alleges a series of actionable violations committed by numerous defendants. In addition, the "ongoing" violation he points to is allegedly being perpetrated by the KBI, which he has not named as a defendant. "[T]he continuing violation doctrine . . . would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018).

Last, Plaintiff argues that equitable estoppel should apply to extend the limitations period. (Doc. 16, at 16-18.) He asserts that "the U.S.A.O. and Core Civic" have said that one of the recorded calls between Plaintiff and his attorney are lost. *Id.* at 17. He further alleges that the information about the lost recording was "told to Giannukos from his appointed attorney David Gustello, forestalling Giannukos from filing suit, and instructing Giannukos to exhaust his remedies with the state disciplinary bar first, which Giannukos did." *Id.*

Kansas recognizes tolling based on equitable estoppel. *Matter of Bell*, 529 P.3d 153, 157 (Kan. 2023). The Kansas Supreme Court ("KSC") explained in *Bell* that "[u]nder certain circumstances, 'equitable estoppel can be applied to bar a party from relying on the defense of the statute of limitations.'" *Bell*, 539 P.3d at 157 (quoting *Rockers v. Kansas Turnpike Authority*, 991 P.2d 889 (1999). The burden is on the party claiming application of equitable estoppel. *Id*. That party must show that another party induced it to believe certain facts existed, by action or silence; it rightfully relied and acted on such belief; and it would be prejudiced if the other party were allowed to deny the existence of such facts. *Id*.

Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this civil rights action. He does not explain how a missing recording induced him to wait at least four years to file this lawsuit.

The KSC in *Bell* also discussed equitable tolling under federal law, noting that it requires a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)).

Plaintiff has also not shown that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing of this lawsuit. *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted). Extraordinary circumstances that could warrant equitable tolling include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Farhat v. United States*, No. CIV-19-401-SPS, 2020 WL 5751618, at *4 (E.D. Okla. Sept. 25, 2020) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246

(10th Cir. 2012); *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)). Plaintiff alleges that "his appointed attorney" advised him to exhaust his bar complaint against Morehead before filing this lawsuit. Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances. "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Caballero v. Wyandotte County Sheriff's Dep't*, 789 F. App'x 684, 687 (10th Cir. 2019) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)); *see also Bell*, 529 P.3d at 157 (quoting *State v. Fox*, 453 P.3d 329 (Kan. 2019) ("[M]ere ignorance of the law is not a basis for equitable tolling of a statute of limitations, even for pro se prisoners.")). This holds true even where a plaintiff claims to have relied on legal advice. *See State v. McNett*, 574 P.3d 409 (Kan. App. 2025), *review denied* (Feb. 26, 2026) ("McNett's ignorance of the law—with or without legal advice—does not create excusable neglect for this late filing.") (citing *State v. Smith*, 315 Kan. 124, Syl. ¶ 3, 505 P.3d 350 (2022)). *See also* Brian R. Means, *Postconviction Remedies* § 25:59. Equitable tolling—Extraordinary circumstances—Actions of counsel generally ("Negligence by counsel, by itself, does not constitute an extraordinary circumstance sufficient to warrant equitable tolling, regardless of whether the error is characterized as *ordinary* negligence or *gross* negligence.").

Plaintiff's response fails to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[3]

[3] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

**IT IS SO ORDERED**.

**Dated August 21, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**